

# THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

DAVID E. HARVEY BUILDERS, INC.
d/b/a HARVEY-CLEARY BUILDERS,

Petitioner,

v.  No. 17-1215

SECRETARY OF LABOR, OCCUPATIONAL
SAFETY AND HEALTH ADMINISTRATION,

and

OCCUPATIONAL SAFETY AND
HEALTH REVIEW COMMISSION,

Respondents.

## PETITION FOR REVIEW

Pursuant to Rule 15 (a) of the Federal Rules of Appellate Procedure and Rule 15 (a) of the Rules of this Court and Section 11 (a) of the Occupational Safety and Health Act of 1970, 29 U.S.C. §660 (a), David E. Harvey Builders, Inc., d/b/a Harvey-Cleary Builders ("Harvey-Cleary Builders"), hereby petitions this Court for review of the final order of the Occupational Safety and Health Review Commission in *Secretary of Labor v. Harvey-Cleary Builders*, OSHRC Docket No.

1

17-0743, entered on August 28, 2017. The Notice of Final Order of the Commission and the decision of Administrative Law Judge Heather A. Joys are attached to this Petition as Exhibits 1 and 2 respectively.

Harvey-Cleary Builders petitions the Court to set aside the Decision of the Occupational Safety and Health Review Commission.

Respectfully submitted,

*[signature: Adele J. Abrams / DRS with permission]*

Adele L. Abrams, Esq., CMSP
Law Office of Adele L. Abrams PC
4740 Corridor Place, Suite D
Beltsville, MD 20705
Telephone: 301-595-3520
Facsimile: 301-595-3525
safetylawyer@aol.com
*Counsel for Harvey-Cleary Builders*

## LIST OF RESPONDENTS

Charles F. James, Counsel for Appellate Litigation
Heather R. Phillips, Counsel for Appellate Litigation
Office of the Solicitor, US DOL
Room S4004
200 Constitution Ave., NW
Washington, DC 20210


John Cerveny, Executive Secretary
Occupational Safety and Health Review Commission
1120 20th Street, NW, Ninth Floor
Washington, DC 20036

# CERTIFICATE OF SERVICE

Pursuant to Rule 15 (c) and Rule 25 of the Federal Rules of Appellate Procedure, I hereby certify that on this 28th day of September, 2017, I have caused the foregoing PETITION FOR REVIEW to be served on the following via U.S. Mail, first class, postage prepaid.

Charles F. James, Counsel for Appellate Litigation
Heather R. Phillips, Counsel for Appellate Litigation
Office of the Solicitor, US DOL
Room S4004
200 Constitution Ave., NW
Washington, DC 20210

John Cerveny, Executive Secretary
Occupational Safety and Health Review Commission
One Lafayette Center
1120 20th Street, NW Ninth Floor
Washington, DC 20036

_____
Diana R. Schroeher, Esq.
Law Office of Adele L. Abrams, P.C.
4740 Corridor Place, Suite D
Beltsville, MD 20705
Telephone: 301-595-3520
Facsimile: 301-595-3525

USCA Case #17-1215  Document #1695794  Filed: 09/29/2017  Page 5 of 15



United States of America
**OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION**
1120 20th Street, N.W., Ninth Floor
Washington, DC 20036-3457

Received

SEP 0 5 2017

Phone: (202) 606-5400
Fax:   (202) 606-5050

Law Office of Adele L. Abrams

Office of the
Executive Secretary

---

SECRETARY OF LABOR,

    Complainant,

v.

HARVEY-CLEARY BUILDERS,

    Respondent.

OSHRC Docket Nos. 17-0743

## NOTICE OF FINAL ORDER

The Petition for Discretionary Review filed by the Respondent in the above cited action was received by the Commission on July 26, 2017. The case was not directed for review. **Therefore, the decision of the Administrative Law Judge became a final order of the Commission on August 28, 2017.** Commission Rules 90(b)(2) and 90(d), 29 C.F.R. §§ 2200.90(b)(2) and 2200.90(d); Section 12(j) of the Occupational Safety and Health Act of 1970, 29 U.S.C. § 661(j).

**ANY PERSON ADVERSELY AFFECTED OR AGGRIEVED WHO WISHES TO OBTAIN REVIEW OF THE DECISION OF THE ADMINISTRATIVE LAW JUDGE MUST FILE A PETITION FOR REVIEW WITH THE APPROPRIATE FEDERAL COURT OF APPEALS WITHIN 60 DAYS OF THE DATE OF THE ABOVE FINAL ORDER DATE.** *See* Section 11 of the Occupational Safety and Health Act of 1970, 29 U.S.C. § 660; Fed. R. App. P. 15.

FOR THE COMMISSION,

JOHN X. CERVENY
EXECUTIVE SECRETARY

*Susan M. Chagrin*
Susan M. Chagrin
Deputy Executive Secretary

Dated: August 29, 2017



PETITIONER'S EXHIBIT 1

United States of America
OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION
1924 Building - Room 2R90, 100 Alabama Street, S.W.
Atlanta, Georgia 30303-3104

Secretary of Labor,

    Complainant,

        v.    OSHRC Docket No. 17-0743

Harvey-Cleary Builders,

    Respondent.

Appearances:

    Karen Mock, U.S. Department of Labor, Office of the Solicitor, Atlanta, Georgia
        For the Secretary

    Adele L. Abrams, Esquire, Law Office of Adele L. Abrams, PC, Beltsville, Maryland
        For the Respondent

BEFORE:    Administrative Law Judge Heather A. Joys

## DECISION AND ORDER

This matter is before the Occupational Safety and Health Review Commission pursuant to § 10(c) of the Occupational Safety and Health Act of 1970, 29 U.S.C. § 651 - 678. (the Act), to determine whether relief should be granted pursuant to Federal Rule of Civil Procedure 60(b) (Rule 60(b)). Harvey-Cleary Builders (Harvey-Cleary) seeks relief from the Final Order issued against it as a result of its failure to contest the Citation and Notification of Penalty within the prescribed time period. The Secretary seeks dismissal on the grounds Harvey-Cleary failed to file a timely notice of contest.

For the reasons that follow, I find Harvey-Cleary is not entitled to relief pursuant to Rule 60(b) and DENY Harvey-Cleary's Motion to Reopen and GRANT the Secretary's Motion to Dismiss.

## BACKGROUND

The material facts are not in dispute. On February 14, 2017, Compliance Safety and Health Officer (CSHO) Tonipre Feghabo of the Occupational Safety and Health Administration (OSHA) Atlanta East Area Office conducted an inspection of a construction worksite in


PETITIONER'S EXHIBIT 2

Doraville, Georgia. Harvey-Cleary was the general contractor on the construction worksite. CSHO Feghabo initiated the inspection by speaking with Alan Essig, superintendent for Harvey-Cleary.

CSHO Feghabo presented Essig with a blank "Company Information Sheet" to complete. The form asked for information about the company, including address information. Specifically, the form had blanks titled "Main Office Address" and "Site Address." Essig completed both sections and signed the form. Under "Main Office Address" Essig wrote "6710A Rockledge Drive, Ste. 430, Bethesda, MD 20817."

Following the inspection, the Secretary issued Harvey-Cleary a citation alleging a single other than serious violation of 29 C.F.R. § 1910.1200(f)(5)(i). The Secretary mailed the citation to "Harvey-Cleary Builders" at the main office address in Maryland provided by Essig during the inspection. The Secretary sent the citation via certified mail. Harvey-Cleary received the citation at the Maryland office and it was signed for by a representative of the company on March 13, 2017.[1] A project assistant for Harvey-Cleary in the Maryland office sent the citation back to the superintendent (presumably Essig) at the worksite. It was not until the time period for contesting the citation had run that the citation came to the attention of Harvey-Cleary's corporate safety director.

Harvey-Cleary's corporate headquarters are located in Houston, Texas. The company has crews based in other states. The crew working at the Doraville construction project was based at the company's Maryland office to which the citations were mailed. Neither the Secretary nor Harvey-Cleary provided an explanation how the citation ultimately came to the attention of the corporate safety director, Scott Oliver, at the corporate headquarters.

Based upon the March 13, 2017, receipt date, the last day for Harvey-Cleary to contest the citation was April 3, 2017. Harvey-Cleary did not file a notice of contest by that date and the citation became a final order of the Commission by operation of law on April 4, 2017. Oliver became aware of the citation on April 7, 2017, and called the Atlanta East Area Office. Oliver and the Area Office Assistant Director (AAD) met the following Monday, April 10, 2017. The AAD informed Oliver the citation had become a final order and could not be amended by the Secretary. On April 19, 2017, Harvey-Cleary filed its *Motion to Reopen* with the Commission. That motion was received by the Commission on May 2, 2017, and docketed that same day. On

---

[1] The signature and the printed name on the certified mail return receipt are illegible. Harvey-Cleary does not dispute the citation was signed for by its employee.

2

June 23, 2017, the Secretary filed his response to the motion and a motion to dismiss. On June 30, 2017, Harvey-Cleary filed a response to the Secretary's motion to dismiss.[2] The matter is now ripe for resolution.

## DISCUSSION

Pursuant to the requirements of the Act, an employer is required to notify the Secretary of its intent to contest (notice of contest) a citation within 15 working days of receipt of the citation. Failure to timely file a notice of contest results in the citation becoming a final order of the Commission by operation of law. The record in this case reveals Harvey-Cleary did not file a notice of contest within the requisite 15-working day period set out in the Act.

### *Sufficiency of Service*

The parties dispute whether service of the citation on Harvey-Cleary's Maryland office constituted proper service under the Act. Although it refers only to the penalty, the Commission has consistently held § 10(a) of the Act governs service of citations. *B.J. Hughes, Inc.*, 7 BNA OSHC 1471, 1474 n. 6 (No. 76-2165, 1979). It requires the Secretary to "notify the employer by certified mail of the penalty…" It provides no more specificity. In *B.J. Hughes*, the Commission addressed the Secretary's obligation under § 10(a), holding,

> The test to be applied in determining whether service is proper is whether the service is reasonably calculated to provide an employer with knowledge of the citation and notification of proposed penalty and an opportunity to determine whether to abate or contest.

7 BNA OSHC at 1474. Applying this test, the Commission held service on an employee in charge of a local worksite valid. In so holding, the Commission reasoned

> A company that maintains multiple worksites necessarily invests the persons in charge of those worksites with a certain degree of discretion and authority to conduct the company's business. As with other aspects of its business, it is reasonable to expect such an employer to implement internal procedures for dealing with OSHA citations.

*Id*. at 1475.

I find the Secretary's service of the citation on Harvey-Cleary's Maryland office address

---

[2] Harvey-Cleary takes issue with the timeliness of the Secretary's response to its original motion. Even if I were to strike the Secretary's response as untimely, I would still have to consider it on its merits as a motion to dismiss. Moreover, because the Commission procedural rules do not allow for filing of replies, I can only consider the arguments made in Harvey-Cleary's June 30, 2017, submission if I consider it a response to the Secretary's motion. In the interest of justice, I have considered all arguments made by both parties.

3

meets the test set out in *B.J. Hughes*. The test is one of reasonableness. Harvey-Cleary's representative onsite provided the Maryland address as the company's "Main Office Address." It was reasonable for CSHO Feghabo to conclude sending the citation to the location provided as the company's main office would result in its delivery to the appropriate person within Harvey-Cleary's corporate hierarchy.

Harvey-Cleary provided no evidence the Secretary failed to follow his own, or any other required, procedures when determining where to serve the citations. Harvey-Cleary simply argues the Secretary did not do enough. It posits the Secretary has an additional obligation to inquire where the company wanted the citations mailed or to conduct an internet search for the company's corporate headquarters.[3] The Commission has not held the Secretary to such a standard. "[T]he Secretary's representative should not have to spend time ferreting out the complexities of a corporate hierarchy, but should be able to rely instead upon the ability of individuals at a local worksite to direct the citation to the appropriate officials." *Id.* at 1474.

In support of its contention the Secretary had an obligation to serve the citation on the company's corporate headquarters, Harvey-Cleary relies on the Third Circuit's holding in *Buckley & Co., v. Secretary of Labor*, 507 F.2d 78 (3rd Cir. 1975), and the Sixth Circuit's holding in *Capital City Excavating v. Donovan*, 679 F.2d 105 (6th Cir. 1982). In *Buckley*, the Third Circuit interpreted § 10(a) of the Act to require the Secretary to serve notice on "an official having the authority to disburse funds to abate the violation, pay the penalty, or contest the citation or penalty notification" *Buckley*, 507 F.2d at 81. In *Capital City*, the Sixth Circuit, following *Buckley*, held service on a worksite was not sufficient because "notification to a corporate employer must be sent to corporate headquarters unless the employer has directed that it be sent to a different address." *Capital City*, 679 F.2d at 110 n. 4. In *B.J. Hughes*, the Commission explicitly rejected the Third Circuit's holding in *Buckley*.[4] The Commission is bound to follow an appellate court's decision only within the circuit in which the case arose. *Kenny Niles d/b/a Kenny Niles Construction and Trucking Co.*, 17 BNA 1940, 1941 n.2 (No. 94-

---

[3] Harvey-Cleary contends "A simple check on the internet or business directories would have indicated that the Bethesda, Maryland office is not the corporate office of HCB." (Respondent's Reply at p. 6). Harvey-Cleary has provided no evidence supporting such an assertion.

[4] The Commission held
> To the extent that the Third Circuit in *Buckley* did not subscribe to this rationale we respectfully decline to follow it. The Commission gives due deference to the views of the circuits, but unless reversed by the U.S. Supreme Court, the Commission is obligated to establish its own precedent in carrying out its adjudicatory functions under the Act.

*B.J. Hughes*, 7 BNA OSHC at 1474 (citations omitted).

4

1406, 1997); *see also North Landing Line Constr. Co.*, 19 BNA OSHC 1465, 1473 n. 8 (No. 96-0721, 2001) ("Where it is highly probable that a Commission decision would be appealed to a particular circuit, the Commission has generally applied that circuit's precedent in deciding a case, even though it may differ from the Commission's precedent"). Under § 11(a) and (b) of the Act, this matter is not appealable to either the Third or the Sixth Circuit. I am bound by the Commission precedent in *B.J. Hughes*.

In the instant case, CSHO Feghabo relied on Essig, Harvey-Cleary's employee in charge of the worksite, to provide information on where to send the citation. This was reasonable under the circumstances. The Secretary properly served the citations on Harvey-Cleary.

### *Rule 60(b) Relief*

An employer who has filed an untimely notice of contest may be granted relief under Rule 60(b) in certain circumstances. *George Harms Constr. Co. v. Chao*, 371 F.3d 156 (3d Cir. 2004). A late filing may be excused under Rule 60(b)(1) if the final order was entered as a result of "mistake, inadvertence, surprise or excusable neglect." A late filing also may be excused under Rule 60(b)(3), if the late filing was caused by the Secretary's "deception or failure to follow proper procedures." *See Branciforte Builders, Inc.*, 9 BNA OSHC 2113, 2116-17 (No. 80-1920, 1981); *Keppel's Inc.*, 7 BNA OSHC 1442, 1443-44 (No. 77-3020, 1979). In addition, a late filing may be excused under Rule 60(b)(6), for any other reason that justifies relief, such as when "absence, illness, or a similar disability prevent[s] a party from acting to protect its interests." *Branciforte Builders*, 9 BNA OSHC 2113, 2116-17 (No. 80-1920, 1981). The moving party has the burden of proving it is entitled to relief under Rule 60(b).

Harvey-Cleary seeks relief under Rule 60(b)(1), arguing its failure to timely file its notice of contest was the result of excusable neglect. The determination of excusable neglect pursuant to Rule 60(b)(1) is an equitable one, taking into account of all relevant circumstances surrounding Respondent's failure to file a timely notice of contest, including the danger of prejudice to the Secretary, the length of delay and its potential impact on the judicial proceedings, the reason for the delay and whether Respondent acted in good faith. *Pioneer Investment Servs. v. Brunswick Assoc.*, 507 U.S. 380, 395 (1993); *Secretary of Labor v. Craig Mechanical, Inc.*, 16 BNA OSHC 1763 (No. 92-0372, 1994); *Merritt Electric Company,* 9 BNA OSHC 2088 (No. 77-3772, 1981); *Henry C. Beck Co.*, 8 BNA OSHC 1395 (No. 11864, 1980).

5

However, neither a lack of prejudice to the Secretary nor good faith on the part of Respondent in attempting to comply with the statutory filing requirement alone will excuse a late filing. *Fitchburg Foundry Inc.,* 7 BNA OSHC 1516 (Nos.77-520 & 76-1073, 1979). The Commission has held that whether the reason for the delay was within the control of the Respondent is a "key factor" in determining the presence of "excusable neglect." *A. W. Ross, Inc.,* 19 BNA OSHC 1147 (No. 99-0945, 2000).

Where, as here, a party is partly to blame for the delayed filing, the party's neglect must be excusable. *See Pioneer Investment Serv.,* 507 U.S. at 393. The Commission requires an employer to exercise due diligence before it will find excusable neglect. *Keefe Earth Boring Company, Inc.,* 14 BNA OSHC 2187, 2192 (No. 88-2521, 1991); *Craig Mechanical,* 16 BNA OSHC at 1763. Based upon the record as a whole, I find the delayed filing was within the control of Harvey-Cleary and could have been avoided if Harvey-Cleary had exercised reasonable diligence.

Upon receipt of the citation, an unnamed project assistant in Harvey-Cleary's Maryland "satellite" office emailed the citation to the project manager, presumably Essig. Despite having the Maryland office address on the citation, Harvey-Cleary contends the project manager "did not realize that the original citation had not been sent to the corporate office by OSHA or the project assistant. (Exh. A ¶ 8 to Respondent's Motion to Reopen, Affidavit of Kevin Rogge). As a result, it did not come to the attention of Oliver until the time to contest had passed. Harvey- Cleary provided no explanation why no one in the Maryland office forwarded the citation to the corporate headquarters or to Oliver. In the absence of any such explanation or evidence, I conclude the project assistant and Essig were simply negligent.

Harvey-Cleary contends it had procedures in place for the handling of OSHA citations. Employees at worksites are to request the citations be sent to the corporate office in Houston, Texas, where they are forwarded to the corporate safety director. (Exh. A ¶ 6 to Respondent's Motion to Reopen, Affidavit of Kevin Rogge). Essig did not follow this procedure. Harvey-Cleary provides no explanation for Essig's failure to follow this "policy and practice," suggesting the fault lies with the Secretary. As previously discussed, this attempt at shifting blame is unavailing.

Even if Harvey-Cleary had procedures in place to handle citations received at the corporate headquarters, it failed to establish it had procedures for handling citations received at

6

other offices. The Commission has long held employers are responsible for maintaining "orderly procedures for handling important business documents." *CSX Transportation*, 19 BNA OSHC 1916, 1919 (No. 01-0608, 2002). Harvey-Cleary has offices and worksites in multiple states. It presented no evidence it had procedures should important, time-sensitive documents be sent to offices other than the corporate headquarters. The Commission has consistently denied Rule 60(b) relief under such circumstances. *Id*.

Harvey-Cleary acted expeditiously once the corporate safety director learned of the citation. Upon being notified the time to contest had passed, however, Harvey-Cleary waited an additional nine days to file its request for relief with the Commission. To the extent Harvey-Cleary made some good faith efforts to comply, I do not find these sufficient to excuse its late filing.

Finally, I have considered the lack of evidence of prejudice to the Secretary. The Secretary's assertions of prejudice are not well supported or persuasive. Lack of prejudice alone cannot overcome a failure to meet the jurisdictional requirements of the Act. Harvey-Cleary's showing of only simple negligence is insufficient to satisfy its burden to establish entitlement to relief.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The foregoing decision constitutes the findings of fact and conclusion of law in accordance with Rule 52(a) of the Federal Rules of Civil Procedure.

## ORDER

Based upon the foregoing decision, it is **HEREBY ORDERED** that the Respondent's Motion to Reopen is **DENIED** and the Secretary's Motion to Dismiss Respondent's Late Notice of Contest is **GRANTED.**

It is further **ORDERED** that the notice of contest filed in this case is **DISMISSED** and the Citation and Notification of Penalty is **AFFIRMED** in all respects.

SO ORDERED.

Dated: July 24, 2017

/s/ _____

**HEATHER A. JOYS**
Administrative Law Judge
Atlanta, Georgia

THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

FILED SEP 29 2017

CLERK

DAVID E. HARVEY BUILDERS, INC.
d/b/a HARVEY-CLEARY BUILDERS,

    Petitioner,

v.

SECRETARY OF LABOR, OCCUPATIONAL
SAFETY AND HEALTH ADMINISTRATION,
and

OCCUPATIONAL SAFETY AND
HEALTH REVIEW COMMISSION,

    Respondents.

No. 17-1215

## CORPORATE DISCLOSURE STATEMENT

David E. Harvey Builders, Inc. d/b/a Harvey-Cleary Builders is incorporated in the State of Texas. It has no parent corporation, and no publicly-held corporation owns more than ten percent of its stock.

Respectfully submitted,

Adele L. Abrams/DRS with permission
Adele L. Abrams, Esq., CMSP
Law Office of Adele L. Abrams PC
4740 Corridor Place, Suite D
Beltsville, MD 20705
301-595-3520
safetylawyer@aol.com
*Counsel for Harvey-Cleary Builders*

1

# CERTIFICATE OF SERVICE

Pursuant to Rule 15 (c) and Rule 25 of the Federal Rules of Appellate Procedure, I hereby certify that on this 28th day of September, 2017, I have caused the foregoing CORPORATE DISCLOSURE STATEMENT to be served on the following via U.S. Mail, first class, postage prepaid:

Charles F. James, Counsel for Appellate Litigation
Heather R. Phillips, Counsel for Appellate Litigation
Office of the Solicitor, US DOL
Room S4004
200 Constitution Ave., NW
Washington, DC 20210

John Cerveny, Executive Secretary
Occupational Safety and Health Review Commission
One Lafayette Center
1120 20th Street, NW Ninth Floor
Washington, DC 20036

Diana R. Schroeher, Esq.
Law Office of Adele L. Abrams PC
4740 Corridor Place, Suite D
Beltsville, MD  20705
Telephone: 301-595-3520
Facsimile: 301-595-3525